UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TEAMSTERS NATIONAL FREIGHT INDUSTRY NEGOTIATING COMMITTEE, on behalf of Teamsters Local Union Nos. 25, 251, 282, 401, 429, 443 and 597<br><br>Plaintiff,<br><br>v.<br><br>PLYMOUTH ROCK TRANSPORTATION CORPORATION,<br><br>Defendant. | RECEIPT # 55854<br>AMOUNT $ 150 —<br>SUMMONS ISSUED 1<br>LOCAL RULE 4.1_____<br>WAIVER FORM _____<br>MCF ISSUED_____<br>BY DPTY CLK._____<br>Civil Action No.<br>DATE 5-13-04<br><br>04-10954 NG<br><br>MAGISTRATE JUDGE Bowler |

## COMPLAINT

Plaintiff, Teamsters National Freight Industry Negotiating Committee ("TNFINC"), on behalf of Teamsters Local Union Nos. 25, 251, 282, 401, 429, 443, and 597, brings this action for declaratory judgment and breach of contract and alleges as follows:

## INTRODUCTION

This is an action by TNFINC on behalf of Teamsters Local Union Nos. 25, 251, 282, 401, 429, 443, and 597 (hereinafter jointly referred to as "Teamster Local Unions") for declaratory judgment, enforcement of a grievance decision and breach of contract under the Labor Management Relations Act, 29 U.S.C. §185(a) and the Declaratory Judgment Act, 28 U.S.C. §2201. This action arises as a result of Defendant Plymouth Rock Transportation Corporation ("Plymouth Rock") breaching the collective bargaining agreement between it and Plaintiff TNFINC by refusing to make contractually required health, welfare and pension contributions and by failing to abide by a final and binding grievance decision obligating Plaintiff to make such contributions.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, Section 185(a) of the Labor Management Relations Act, 1947, 29 U.S.C. §141, etc. and the Declaratory Judgment Act, 28 U.S.C. §2201.

2.      Venue lies in this district pursuant to Section 301(a) of the Labor Management Relations Act, 1947, 29 U.S.C. §141, etc.

## THE PARTIES

3.      Plaintiff TNFINC is a labor organization within the meaning of Section 2(5) and Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. §152(5) and §185. TNFINC is a multi-union bargaining representative that, pursuant to Article XII, Section 2 of the International Brotherhood of Teamsters Constitution, has been delegated the authority by the Teamster Local Unions, which have members employed in the freight industry, to negotiate a collective bargaining agreement entitled the National Master Freight Agreement ("NMFA"). The NMFA is a multi-employer, multi-union agreement covering freight industry employers. Defendant Plymouth Rock has been a party to the NMFA for more than 25 years. Most recently, Defendant was a party to the NMFA for the period April 1, 1998 to March 31, 2003. TNFINC maintains its principal office at 25 Louisiana Avenue, N.W., Washington, D.C. 20001.

4.      Defendant Plymouth Rock is an employer within the meaning of Section 2(2) and Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. §152(2) and §185. Defendant was party to the NMFA for the period April 1, 1998 to March 31, 2003. In addition to Defendant, TNFINC and the Teamsters Local Unions are party to the NMFA. Defendant maintains its principal office at 95 Maple Street, Stoneham, Massachusetts 02180.

## FACTUAL BASIS FOR THE CLAIMS

5.      The 1998-2003 NMFA to which Defendant was a party consist of a master portion of the agreement which are the first 39 articles and

2

several area supplemental agreements. The master and supplemental portions of the agreement are collectively referred to as the NMFA. Pursuant to the terms of the NMFA, Defendant is obligated to make contributions to specific health, welfare and pension funds. The NMFA also requires Defendant to pay health, welfare and pension contributions for all earned vacations and other contractually accrued leave.

6. The NMFA also contains a grievance procedure, consisting of joint labor and management grievance panels on which an equal number of labor and employer representatives sit to resolve grievances. The NMFA specifically provides that decisions reached by a majority of the members on a grievance panel are final and binding on all parties.

7. Pursuant to the terms of the NMFA, employees earn vacation for the following contract year based on the number of hours worked in the preceding contract year. Defendant's Teamster-represented employees earned their 2003 vacations based on the time worked between April 1, 2002 and March 31, 2003.

8. By letter of April 9, 2003, Defendant's president, Richard D. Cort, informed TNFINC representatives that it planned to close its trucking operations on or about April 17, 2003. (Exhibit "A") In his letter, Defendant President Cort, as required by the NMFA, committed that "Plymouth Rock will pay all wages, Health/Welfare & Pension payments, earned vacation, sick leave and other monetary obligations earned and due under our current agreement through the cessation of our business activities on or about April 17, 2003." In addition, the letter stated that "[a]ll payments to be made will occur in the course of normal payroll process during the week ending April 26, 2003."

9. In breach of its obligations under the NMFA, Defendant has refused to make health, welfare and pension contributions for earned 2003 vacation time.

10. Grievances to protest Defendant's breach of the bargaining agreement were filed by each of the Teamster Locals party to the NMFA with Defendant. The grievance committees to which these disputes were presented issued final and binding decisions, upholding the claim of the Local Unions for health, welfare and pension contributions for the earned vacation time. (Exhibit "B")

## COUNT I

11.  Plaintiff repeats and realleges the allegations of paragraphs 1 to 10 as if fully set forth herein.

12.  Defendant's refusal to make health, welfare and pension contributions for employees' earned vacations constitutes a breach of the collective bargaining agreement. Such a refusal to make contractually required contributions constitutes a violation of the labor agreement within the meaning of Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. §185.

13.  Defendant's contract violation can be remedied by requiring it to make the health, welfare and pension contributions with interest as required by the collective bargaining agreement.

## COUNT II

14.  Plaintiff repeats and realleges the allegations of paragraphs 1 to 13 as if fully set forth herein.

15.  In response to Defendant's refusal to make the contractually required health, welfare and pension contributions for earned vacation time, grievances were filed by each Teamster Local Union signatory to the collective bargaining agreement with Defendant. The grievances were processed to the appropriate contractual grievance committees, which issued final and binding decisions, concluding that Defendant is obligated to make the disputed contributions on behalf of employees who earned vacations for 2003.

16.  Defendant has refused to abide by the final and binding grievance decisions. Such refusal constitutes a violation of the labor agreement within the meaning of Section 301 of the Labor Management Relations Act, 1947, 29 U.S.C. §185.

17.  The remedy for Defendant's contract violation is to require Defendant to be bound by the grievance decisions and to honor its contractual obligation to make health, welfare and pension contributions for earned vacation time.

## COUNT III

18. Plaintiff repeats and realleges the allegations of paragraphs 1 to 17 as if fully set forth herein.

19. Defendant's failure to make the contractually required health, welfare and pension contributions and its refusal to comply with final and binding grievance decisions constitutes such blatant and flagrant breach of the collective bargaining agreement to warrant the issuance of a declaratory judgment, as provided by the Declaratory Judgment Act, 28 U.S.C. §2201, concluding that the bargaining agreement has been violated.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter a judgment and injunction:

1. Ordering Defendant Plymouth Rock to make health, welfare and pension contributions in the amount of $500,000.00 with interest on behalf of Teamster-represented employees who earned vacations for the year 2003.

2. Ordering Defendant Plymouth Rock to submit its books and records for audit for the period April 1, 2002 to April 30, 2003 to permit Plaintiff to verify the exact contribution amounts due for earned 2003 vacations.

3.  Ordering Defendant Plymouth Rock to pay Plaintiff's attorneys' fees and costs and such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/s/ James A. McCall*

James A. McCall, Esquire
Leah Ford, Esquire
25 Louisiana Avenue, N.W.
Washington, D.C. 20001

*/s/ Matthew E. Dwyer*

Matthew E. Dwyer, Esquire
BBO # 139840
Dwyer, Duddy, and Facklam
One Center Plaza, Suite 360
Boston, Massachusetts 02108

Dated: May 12 2004

Attorneys for Plaintiff



## plymouth rock transportation corporation
95 Maple Street • Stoneham • MA 02180 • (781) 438-8200



PLAINTIFF'S
EXHIBIT
A

April 9, 2003

*VIA FACSIMILE (301) 588-3931 and (202) 624-6884*

Mr. James McCall
International Brotherhood of Teamsters
Washington, DC

Dear Mr. McCall:

In connection with the proposed transaction between Plymouth Rock Transportation Corporation and USF Red Star Inc., Plymouth Rock will pay all wages, Health/Welfare & Pension payments, earned vacation, sick leave and other monetary obligations earned and due under our current agreement through the cessation of our business activities on or about April 17, 2003. All payments to be made will occur in the course of our normal payroll process during the week ending April 26, 2003.

Please fax a signed copy of the letter releasing Plymouth Rock of it's future obligations under the National Master Freight Agreement and Supplemental Agreements subsequent to this transaction to Martin B. Shulkin at (617) 289-9201.

Thank you for your assistance and immediate attention to this matter.

Very truly yours,

Ronald D. Cort
President



PLAINTIFF'S
EXHIBIT
B

# Teamsters Local 25
# International Brotherhood of Teamsters

544 MAIN STREET • BOSTON, MASSACHUSETTS 02129-1113 • 617-241-8825 • Fax 617-242-4284
www.teamsterslocal25.com

RITCHIE E. REARDON
*President / Principal Officer*

MARK A. HARRINGTON
*Secretary-Treasurer*

LOU DIGIAMPAOLO
*Vice President /
Field Representative*

JOHN A. MURPHY
*Recording Secretary / Business Agent*

COLLEEN BRADY
*Trustee / Special Projects Coordinator*

ARTHUR J. LAZAZZERO
*Trustee / Business Agent*

SEAN M. O'BRIEN
*Trustee / Business Agent*

JAMES E. WILSON
*Business Agent*

WALTER H. CAMPBELL
*Business Agent*

ROBERT B. McALLISTER
*Business Agent*

December 15, 2003

Mr. Ronald D. Cort, President
Plymouth Rock Transportation Corp.
95 Maple Street
Stoneham, MA 02180

Dear Mr. Cort:

As you know, Teamsters Local 25 filed two (2) cases for its members formerly employed at your Stoneham location. New England Joint Area case Numbers 03-0701 and 03-0702 (copies enclosed) were ruled in favor of the members.

Please notify this office in writing of your intent to comply with the decisions no later than Wednesday, December 31, 2003.

If you have any questions please do not hesitate to contact Recording Secretary/Business Agent John A. Murphy.

Respectfully yours,

Ritchie E. Reardon
RITCHIE E. REARDON
President/Principal Officer

JAM/mh

Enclosures: 2

Certified Mail No. 7002 0460 0001 3273 0832
Return Receipt Requested

Cc: D. Virtue, Eastern Region Freight Coordinator

Plymouth Rock Former Employees

*We will only accept deliveries from UNION carriers! All other deliveries will be refused!*

# NEW ENGLAND JOINT AREA GRIEVANCE COMMITTEE
## DECISION FORM

Established in accordance with the terms and conditions of the National Master Freight Agreement and the New England Supplemental Freight Agreement, entered into by and between the Local Unions and Carriers engaged in City Pickup and Delivery and/or Over-the-Road Freight Operations.

***

Teamster Local(s) No./Agent: 25 / J Murphy

Grievant: All Affected Employees

CASE NO.: 03-0701

Employer: Plymouth Rock Transportation

***

We, the undersigned parties to the National Master Freight Agreement and the New England Supplemental Freight Agreement hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the NE Joint Area Grievance Committee, by virtue of its authority, as set forth in Articles 7 and 8 of the National Master Freight Agreement and Articles 45 and 46 of the New England Supplemental Freight Agreement, the following:

Alleged violation of Article 66 on an ongoing basis. Union requests all affected employees be made whole for unpaid health & welfare contributions per closing agreement.

The undersigned further agree that a majority decision of the NE Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered. Failure to comply may result in economic action within the confines of Article 8 of the National Master Freight Agreement and Article 45 and 46 of the New England Supplemental Freight Agreement.

Employer: Plymouth Rock Transportation

Signed:

Local Union(s): 25

Signed: J Murphy

This is the Official Award and Decision of the New England Joint Area Grievance Committee. Decision must be promptly complied with and all Monetary Awards must be paid in pay period for the week following receipt of Decision.

- DECISION -

The Panel in Executive Session, motion made, seconded and carried that based on the fact that there was no testimony from the Employer as they failed to appear, the claim of the Union is upheld.

DECISION DATE: 11/19/2003

# NEW ENGLAND JOINT AREA GRIEVANCE COMMITTEE
## DECISION FORM

Established in accordance with the terms and conditions of the National Master Freight Agreement and the New England Supplemental Freight Agreement, entered into by and between the Local Unions and Carriers engaged in City Pickup and Delivery and/or Over-the-Road Freight Operations.

***

Teamster Local(s) No./Agent: 25 / J Murphy

Grievant: All Affected Employees

CASE NO.: 03-0702

Employer: Plymouth Rock Transportation

***

We, the undersigned parties to the National Master Freight Agreement and the New England Supplemental Freight Agreement hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the NE Joint Area Grievance Committee, by virtue of its authority, as set forth in Articles 7 and 8 of the National Master Freight Agreement and Articles 45 and 46 of the New England Supplemental Freight Agreement, the following:

Alleged violation of Article 46 on an ongoing basis. Union requests all affected employees be made whole for unpaid pension contributions per closing agreement.

The undersigned further agree that a majority decision of the NE Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered. Failure to comply may result in economic action within the confines of Article 8 of the National Master Freight Agreement and Article 45 and 46 of the New England Supplemental Freight Agreement.

Employer: Plymouth Rock Transportation

Signed:

Local Union(s): 25

Signed: J Murphy

This is the Official Award and Decision of the New England Joint Area Grievance Committee. Decision must be promptly complied with and all Monetary Awards must be paid in pay period for the week following receipt of Decision.

- DECISION -

The Panel in Executive Session, motion made, seconded and carried that based on the fact that there was no testimony from the Employer as they failed to appear, the claim of the Union is upheld.

DECISION DATE: 11/19/2003



# Building Material Teamsters
# Local 282

Affiliated with the International Brotherhood of Teamsters

**Gary LaBarbera**
President

**Thomas Gesualdi**
Secretary Treasurer

## FAX COVER SHEET

Date: December 11, 2003

To: Dan Visture

Fax Number: (717) 233-6023

From: Lawrence Kudla

Total number of pages: 2 including cover-sheet.

*If you do not receive all pages:*
Please call (516) 488-2822 OR (718) 343-3322.

---

2500 Marcus Avenue, Lake Success, New York 11042 • (516) 488-2822 • (718) 343-3322 • Fax (516) 488-4895

# NEW JERSEY-NEW YORK JOINT AREA GRIEVANCE COMMITTEE
## DECISION FORM

Established in accordance with the terms and conditions of the National Master Freight Agreement and the New Jersey-New York General Trucking Supplemental Agreement, entered into by and between the Local Unions and Carriers engaged in City Pickup and Delivery and/or Over-the-Road Freight Operations.

********************************************************************************

Teamster Local(s) No./Agent:   282   / L. Kudla, T. Gesualdi   CASE NO.: 1741

Grievant: All Affected Employees

Name of Employer: Plymouth Rock

********************************************************************************

We, the undersigned parties to the National Master Freight Agreement and the New Jersey-New York General Trucking Supplemental Agreement hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the New Jersey-New York Joint Area Committee, by virtue of its authority, as set forth in Articles 7 and 8 of the National Master Freight Agreement and Article 45 of the New Jersey-New York General Trucking Supplemental Agreement, the following:

Alleged violation of Schedule B, New Jersey-New York Master Freight Supplement. Union seeks all monies due trust funds to all affected employees.

The undersigned further agree that a majority decision of the New Jersey-New York Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered. Failure to comply may result in economic action within the confines of Article 8 of the National Master Freight Agreement and Article 45 of the New Jersey-New York General Trucking Supplemental Agreement.

Employer:  Plymouth Rock Transportation        Local Union(s): 282
Signed:    N/A                                  Signed:    L. Kudla

This is the Official Award and Decision of the New Jersey-New York Joint Area Grievance Committee. Decision must be promptly complied with and all Monetary Awards must be paid in pay period for the week following receipt of Decision.

## - DECISION -

The Panel, in Executive Session, motion made, seconded and carried that based on no testimony from the company as they were not present, the claim of the Union is upheld.

DECISION DATE: December 3, 2003

# NEW ENGLAND JOINT AREA GRIEVANCE COMMITTEE
## DECISION FORM

Established in accordance with the terms and conditions of the National Master Freight Agreement and the New England Supplemental Freight Agreement, entered into by and between the Local Unions and Carriers engaged in City Pickup and Delivery and/or Over-the-Road Freight Operations.

*************************************************************************************************

Teamster Local(s) No./Agent: **443 / F Dart**    CASE NO.: **03-1107**

Grievant: **All Affected Employees**    Employer: **Plymouth Rock Transportation**

*************************************************************************************************

We, the undersigned parties to the National Master Freight Agreement and the New England Supplemental Freight Agreement hereby agree to submit the dispute to arbitration under the Rules of Procedure prescribed by the NE Joint Area Grievance Committee, by virtue of its authority, as set forth in Articles 7 and 8 of the National Master Freight Agreement and Articles 45 and 46 of the New England Supplemental Freight Agreement, the following:

**Alleged violation of Articles 64(2) and 65(2) failure to remit health, welfare and pension contributions due for all affected employees receiving vacation pay.**

The undersigned further agree that a majority decision of the NE Joint Area Committee in the above dispute will be final, conclusive and binding with no appeal and, further, that neither party will attempt through any overt acts, to void the decision rendered. Failure to comply may result in economic action within the confines of Article 8 of the National Master Freight Agreement and Article 45 and 46 of the New England Supplemental Freight Agreement.

Employer: **Plymouth Rock Transportation**    Local Union(s): **443**

Signed:    Signed: **F Dart**

This is the Official Award and Decision of the New England Joint Area Grievance Committee. Decision must be promptly complied with and all Monetary Awards must be paid in pay period for the week following receipt of Decision.

## - DECISION -

The Panel in Executive Session, motion made, seconded and carried that based on the fact there was no testimony from the Company as they were not present, the claim of the Union is upheld.

DECISION DATE: 11/19/2003

<u>EMPLOYER PANEL:</u>    <u>UNION PANEL:</u>

Novak    Fenlason

Schmidt    Bairos

# CENTRAL PENNSYLVANIA JOINT AREA COMMITTEE
## DECISION FORM

*********************************************************************

Teamsters Local(s) No./Agent: 429 / K. Noll

Grievant: K. Noll on behalf of all affected

Case No: 11-03-014CP

Name of Employer: Plymouth Rock

*********************************************************************

We, the undersigned, parties to the Central Pennsylvania Over-the-Road and Local Cartage Supplemental Agreement, hereby agree to submit the dispute to hearing under the Rules of Procedure prescribed by the Central Pennsylvania Joint Area Grievance Committee, by virtue of its authority, as set forth in Article 43 of the Central Pennsylvania Over-the-Road and Local Cartage Supplemental Agreement, the following:

Alleged violation of Articles 49 (a) and 50 (a) on October 17, 2003. Union claims company failure to comply with written agreement.

The undersigned further agree that a majority decision of the Joint Area Committee in the above dispute will be final, conclusive and binding with no further appeal and, further, that neither party will attempt, through any overt acts, to void the decision rendered.

Employer: Plymouth Rock Transportation
Signed:

Local Union(s): 429
Signed:          K Noll

- DECISION -

The Panel in Executive Session, motion made, seconded and carried that based on the fact there was no testimony from the Company, as they were not present, the claim of the Union is upheld.

Decision Date: 12/10/2003

Robert L. Schaeffer, Jr.
Employer Co-Secretary

Robert Snyder
Union Co-Secretary