UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| TEAMSTERS NATIONAL FREIGHT INDUSTRY NEGOTIATING COMMITTEE on behalf of TEAMSTERS LOCAL UNION NOS. 25, 251, 282, 401, 429, 443 and 597<br><br>Plaintiff,<br><br>v.<br><br>PLYMOUTH ROCK TRANSPORTATION CORPORATION<br><br>Defendant. | Civil Action No. 04-10954-NG |

**DEFENDANT'S ANSWER**

Defendant Plymouth Rock Transportation Corporation ("defendant") answers the numbered paragraphs of the Complaint as follows:

INTRODUCTION

This paragraph merely purports to describe the action, and no answer is called for. To the extent that it alleges or implies that defendant has acted wrongfully or is liable to plaintiff, the paragraph is denied.

JURISDICTION AND VENUE

1. The allegations state a legal conclusion and no answer is called for.

2. The allegations state a legal conclusion and no answer is called for.

THE PARTIES

3. Defendant is without information sufficient to confirm or deny the allegations, except that defendant admits only that it has been party to collective bargaining agreements consisting

of a National Master Freight Agreement and area supplemental agreements, including collective bargaining agreements (collectively "the collective bargaining agreement") for the period April 1, 1998 – March 31, 2003.

4. Defendant admits only that at relevant times it has been a New York corporation with a primary place of business at 95 Maple Street, Stoneham, Massachusetts; was engaged in the business of general trucking; was party to the collective bargaining agreement as described in paragraph 3, above; and was an "employer" within the meaning of 29 U.S.C., §§ 152(5) and 185.

FACTUAL BASIS FOR THE CLAIMS

5. Defendant answers by stating that the collective bargaining agreement speaks for itself. To the extent that the allegations are inconsistent with the terms of that agreement, they are denied.

6. Defendant answers by stating that the collective bargaining agreement speaks for itself. To the extent that the allegations are inconsistent with the terms of that agreement, they are denied.

7. Defendant answers the first sentence by stating that the collective bargaining agreement speaks for itself. To the extent that the allegations are inconsistent with the terms of that agreement, they are denied. The second sentence is admitted.

8. Defendant answers by stating that the document attached as "Exhibit A" appears to be a copy of a letter dated April 9, 2003 from defendant's President to an official of the International Brotherhood of Teamsters, which copy bears additional information not appearing on the original. Defendant further answers by stating that the document speaks for itself. To the extent the allegations are inconsistent with the document, they are denied.

9. Denied.

10. Defendant admits only that it was informed that the local unions which were parties to the collective bargaining agreement purported to file grievances and that it has received copies of documents purporting to be decisions by grievance committees substantially in the form attached as "Exhibit B". Otherwise, defendant is without information sufficient to affirm or deny the allegations, except that defendant denies that the matter of health, welfare, and pension contributions for earned 2003 vacation time was properly the subject of a grievance procedure under the collective bargaining agreement or that any decision issuing from such procedure is final, binding. valid, or enforceable .

COUNT I

11. Defendant repeats its answers to paragraphs 1-10, above, and incorporates them by reference herein as if set forth in full.

12. Denied.

13. Denied.

COUNT II

14. Defendant repeats its answers to paragraphs 1-13, above, and incorporates them by reference as if set forth in full.

15. Defendant repeats its answer to paragraph 10, above, and incorporates it by reference as if set forth in full.  On that basis, denied.

16. Defendant answers by stating that there have been no final, binding, valid, and enforceable decisions and, therefore, no such decisions which it was required to abide by. Otherwise, denied.

17. Denied.

## COUNT III

18. Defendant repeats its answers to paragraphs 1-17, above, and incorporates them by reference as if set forth in full.

19. Denied.

### FIRST AFFIRMATIVE DEFENSE

This court lacks jurisdiction over Count II.

### SECOND AFFIRMATIVE DEFENSE

The subject matter of plaintiff's claims asserted herein is the subject of a prior pending action filed in the United States District Court for the Eastern District of New York, and this action should be dismissed or stayed pending resolution of the earlier-filed case.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's attempt to compel defendant to make health, welfare, and pension contributions in excess of the contributions required by the collective bargaining agreement is a violation of 29 U.S.C., § 186(c)(5) and is barred.

### FOURTH AFFIRMATIVE DEFENSE

Count II is barred by the terms of the collective bargaining agreement which plaintiff purports to enforce.

WHEREFORE, defendant respectfully prays that this court:

1. Enter an order dismissing the complaint, and entering judgment for defendant;
2. Award to defendant its reasonable attorneys fees and costs;
3. Enter such other and further relief as is deemed just.

5

        PLYMOUTH ROCK TRANSPORTATION CORP.
        By its attorneys,

        */s/ John Foskett*
        John Foskett, BBO No. 175540
        Nancy J. Puleo, BBO No. 648457
        DEUTSCH WILLIAMS BROOKS
         DERENSIS & HOLLAND, P.C.
        99 Summer Street
        Boston, MA 02110-1213
        (617) 951-2300

Date: August 5, 2004

DWLIB 163878v1
8534/00

5