UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Teamster's National Freight**

V.   04-cv-10954-NG

**Plymouth Rock Transportation Corp.,**

ORDER FOR PRETRIAL CONFERENCE FOR JUDGE GERTNER'S SESSION

Jury Trial May 30, 2006 at 9:00 a.m.

DATED: March 29, 2006

The above-entitled action will be called for **pretrial conference on April 24, 2006 at 3:15 p.m.** in the John Joseph Moakley Courthouse Courtroom No. 2, 3rd floor .

**ATTENDANCE:**

Unless excused by the Court, each party shall be represented at the pretrial conference by counsel who will conduct the trial.  Counsel shall have conferred with their clients and with each other to explore the possibilities of settlement before the pretrial conference and shall be prepared to advise the Court as to the prospects of settlement.  All pending motions and other matters ready for hearing will be considered at the conference.

**PRETRIAL MEMORANDUM - DATE DUE:4/20/06**

Prior to the pretrial conference, counsel shall meet and confer for the purpose of preparing either jointly or separately, a pretrial memorandum for presentation to the Court at least five days prior to the conference.

**PRETRIAL MEMORANDUM - CONTENTS**

The pretrial memorandum shall set forth:

1.   The names, addresses and telephone numbers of trial counsel;

2.  Whether the case is to be tried with or without a jury;

3.  A concise summary of the positions asserted by the plaintiff, defendant, and other parties, with respect to both liability and damages (including special damages, if any);

4.  The facts established by pleadings or by stipulations or by admissions of counsel. In particular, counsel shall stipulate all facts not in genuine dispute;

5.  Contested issues of fact;

6.  Any jurisdictional questions;

7.  Issues of law, including evidentiary questions, together with supporting authority;

8.  Any requested amendments to the pleadings;

9.  Any additional matters to aid in the disposition of the action;

10. The probable length of trial;

11. Voir dire procedures: Proposed jury selection procedures and a concise statement of the reasons therefor, names and addresses of witnesses to be read to the potential venire, proposed description of the case to be read to potential venire.

12. The names and addresses of witnesses who shall testify at the trial, and the purpose of the testimony of each witness, i.e., whether factual, medical, expert, etc. Unless the qualifications of any medical or other expert witness are admitted, a brief statement of the qualifications of such witness shall be included; and

13. A list of proposed exhibits, indicating which exhibits may admitted without objection and a brief statement of the ground for any objection to the others. Each exhibit shall be numbered if the exhibit is agreed upon. Exhibits which are contested shall be lettered. If feasible, the exhibit list shall be on disk. Counsel shall have pre-marked all exhibits before the start of the trial.

14. Jury Instructions: Proposed preliminary instructions, if any, to be read to the jury at the beginning of trial. If possible, these instructions should be provided both in hard copy and on disk.

15. The disks referred to in 13 and 14 above shall be accompanied by a stamped, self-addressed envelope so that they may be returned to counsel.

    Immediately upon receipt of this order, any counsel who

realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this order, and shall file a copy of the writing with the Clerk.

In the event that some disposition of the case has been heretofore made, or is made before the pretrial conference, counsel shall by telephone forthwith notify the Deputy Clerk signing this Order and promptly thereafter submit closing papers.  Compliance with this Order is not excused, absent the actual filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

Failure to comply with any of the directions set forth above may result in judgment of dismissal or default, or the imposition of other sanctions deemed appropriate by the Court.

**BY ORDER OF THE COURT,**
GERTNER, D.J.

/s/Maryellen Molloy
**DEPUTY CLERK**